UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEVIN KIENOW,<br><br>        Petitioner/Plaintiff,<br><br>   v.<br><br>YAKAMA NATION TRIBAL COURT, and the HONORABLE MARYROSE GONZALES, Associate Justice,<br><br>        Respondents/Defendants. | NO: 1:18-CV-3194-TOR<br><br>ORDER DENYING MOTION TO WAIVE EXHAUSTION REQUIREMENTS: MOTION TO VACATE |

BEFORE THE COURT are Devin Kienow's Motion for Relief from Federal Court Order Denying Exhaustion Based on Evidence Arisen Since Hearing and/or Motion to Vacate Final Tribal Court Order Based on Lack of Jurisdiction. ECF No. 35. The motions were submitted without a request for oral argument. Having reviewed the file and the records contained therein, the Court is fully informed. For the reasons discussed below, the Court **denies** Kienow's motions.

//

ORDER DENYING MOTION TO WAIVE EXHAUSTION REQUIREMENTS: MOTION TO VACATE ~ 1

**BACKGROUND**

This suit involves the question of tribal court jurisdiction and when a federal district court will weigh in on the question. In short, Kienow's wife filed a petition for dissolution in the Yakima Tribal Court sometime in 2018. Not satisfied, Kienow *subsequently* filed a petition for dissolution in the Yakima County Superior Court, asserting the tribal court does not have jurisdiction; the superior court stayed the case pending resolution of the tribal court matter. *See* ECF No. 25 at 7. Still unsatisfied, Kienow filed this suit on October 9, 2018, while the tribal court proceedings were ongoing, requesting the Court intervene in the tribal court case based on his contention that the tribal court did not have jurisdiction over the matter.

In recognition of the general rule that he must exhaust his tribal court remedies before a federal district court will address the issue, Kienow argued to this Court that the exceptions to exhaustion apply. Specifically, Plaintiff argued the exercise of jurisdiction was patently violative of express jurisdictional prohibitions, that the tribal court asserted jurisdiction out of a desire to harass and is conducting the trial in bad faith, and that litigating in tribal court would serve no purpose other than delay and would be futile. *See* ECF No. 20. The Court disagreed and stayed this case pending resolution of the tribal court proceedings. ECF No. 34.

Meanwhile, the tribal trial court issued an order regarding custody on July 25, 2018, when Kienow was represented by Patrick True, and reiterated the order on October 4, 2018, when Kienow was represented by Yale Lewis (although Lewis was not admitted to the Yakama Nation Tribal Bar at this time). ECF No. 37 at 33, 50. The tribal trial court also entered a judgment and an amended judgment in the case. *See* ECF No. 36 at 33. Lewis, on behalf of Kienow, filed two appeals to the Tribal Court of Appeals—one regarding the "Order: Parenting Plan, on October 12, 2018" and another regarding the "Amended Judgement [] dated December 18, 2018." ECF Nos. 35 at 11; 36 at 17 (notice of appeal for Amended Judgment dated December 18, 2018); 36 at 35 (notice of appeal of Parenting Plan dated October 4, 2018); 37 at 71 (Kienow testimony).

On March 20, 2018, the Court of Appeals denied the second appeal because Kienow did not pay the appellate filing fee. *See* ECF No. 36 at 16 (denying Appeal No. COA-AP-2019-0004), 17 (second appeal with same appeal number). In a hearing held on March 21, 2019, the tribal trial court stayed the case based on Kienow's representation that he filed an appeal; it is not clear whether the Court was aware of the March 20, 2019 Court of Appeals' disposition. ECF No. 37 at 73. On April 4, 2019, Lewis took the Oath of Admission to the Yakama Nation Tribal Bar. ECF No. 35 at 3. On May 17, 2019, Kienow filed an appellate brief arguing the issue of jurisdiction. ECF No. 39 at 23.

On May 31, 2019, Kienow filed in this Court his Motion for Relief from Federal Court Order Denying Exhaustion Based on Evidence Arisen Since Hearing and/or Motion to Vacate Final Tribal Court Order Based on Lack of Jurisdiction. ECF No. 35. Kienow requests the Court look at the issue of exhaustion again in light of the events that have since transpired. These motions are now before the Court.

## DISCUSSION

Kienow presents two arguments. First, Kienow renews his argument that the Court should waive the exhaustion requirement. ECF No. 25 at 1. The Court will not again address what it already held regarding exhaustion. Second, Kienow asserts that the Tribal Court has issued its final order and requests the Court vacate said order for lack of jurisdiction. ECF No. 25 at 2.

As to the latter argument, it appears Kienow's appeal is still in process given Kienow has recently submitted an appellate brief on the issue of jurisdiction and only one appeal was dismissed. *See* ECF No. 39 at 23 (appellate brief dated May 17, 2019). Kienow has otherwise failed to demonstrate a final order has been entered. *See In re Slimick*, 928 F.2d 304, 307 (9th Cir. 1990) ("A disposition is final if it contains 'a *complete* act of adjudication,' that is, a full adjudication of the issues at bar, and clearly evidences the judge's intention that it be the court's final act in the matter." (quoting *United States v. F. & M. Schaefer Brewing Co.*, 356

U.S. 227, 234 (1958); *Maddox v. Black, Raber-Kief & Assocs.*, 303 F.2d 910, 911 (9th Cir. 1962))).

As to the first argument, Kienow complains about "shenanigans around the admission of counsel" and the "shenanigans around the filing fee", but the record clearly demonstrates it is Lewis's own fault for failing to adhere to basic requirements in being admitted to the bar (administering the oath) and appealing a case in tribal court (paying a filing fee). ECF No. 35 at 8-9.

Notably, as early as October of 2018, the tribal trial court put Lewis on notice that he must be admitted to the bar and informed him of how to secure admission. ECF No. 37 at 52. Lewis applied for admission and the Yakima Nation Tribal Court, in a letter dated December 5, 2018, confirmed his payment for the admission fee and *notified him that he will need to contact the office so they can set up a time to conduct the oath*. ECF No. 36 at 24. This patently contradicts Lewis's position that he first learned he was not admitted on December 21, 2018. ECF Nos. 37 at 24; 40 at 3.

Kienow asserts that the Tribal Court of Appeals denied the appeal based on a false statement of fact. ECF No. 35 at 5. This is not the case. The Court of Appeals denied his appeal on March 20, 2019 because he did not, in fact, pay the filing fee at the time of the order (he paid on March 21, 2019). *See* ECF No. 36 at 9-10 (receipt for payment), 16 (order of dismissal).

Kienow again complains that the trial court has "steadfastly refused" to hear his motion to dismiss for lack of subject matter jurisdiction and complains that the trial court simply asserted jurisdiction without explanation. ECF No. 35 at 6, 11. The record clearly shows the trial court heard from both parties on the matter of jurisdiction and *did* explain the grounds for asserting jurisdiction.[1] The fact that this occurred while Kienow was employing different counsel is irrelevant. Kienow also complains that his counsel was only given three days to brief the issue of jurisdiction, ECF No. 35 at 6, but this is not patently unreasonable. *See* ECF No. 37 at 47-48 (October 4, 2018 proceeding giving Lewis three days).

---

[1] The issue was squarely addressed by Kienow's previous counsel and the Court. *See* ECF No. 37 at 6-16 ("After hearing and considering the arguments in this matter regarding the jurisdiction, the Court's ruling will be that it will assert the jurisdiction of this mater pursuant to 22.01.01 and 22.01.03 of the Revised Yakama Code, in that the Court considers issues pertaining to domestic relations, child custody, and that this Court shall have concurrent jurisdiction over the marriage and divorce of member of the Yakima Nation, and that it does have exclusive jurisdiction to hear matters that involve divorces and custody of the minor children . . . ."); *see also* ECF No. 37 at 60 (trial court explaining assertion of jurisdiction).

ORDER DENYING MOTION TO WAIVE EXHAUSTION REQUIREMENTS:
MOTION TO VACATE ~ 6

Kienow puts forth a slew of other complaints that are not borne out by the record. *See* ECF No. 43 at 7-8. Aside from the issues addressed above, for example, Lewis claims the judge ordered him to leave the March 21, 2019 hearing, but this is not the case. Rather, after the court informed Lewis that he was not admitted, *Lewis* stated his client "can represent himself" and the court simply told Lewis that he will "need to sit in the back of the courtroom" because the judge did not want him talking to his client without being admitted to the bar. ECF No. 37 at 69.

Kienow otherwise fails to establish exhaustion should be waived, even taking the remaining complaints as true. *See*, *e.g.*, ECF No. 35 at 7-8 (complaining that the trial court judge falsely accused the father of violent outbursts). For example, Kienow complains that the appellate judges also act as trial judges, ECF No. 35 at 7, but there is no allegation that the presiding trial judge is deciding the appeal and Kienow's concern of bias otherwise is based on pure speculation.

Lastly, Kienow requests attorney fees, but he has not demonstrated any basis for such a request.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff Devin Kienow's Motion for Relief from Federal Court Order Denying Exhaustion Based on Evidence Arisen Since Hearing and/or

Motion to Vacate Final Tribal Court Order Based on Lack of Jurisdiction, ECF No. 35, is **DENIED**.

2. The case will remain **STAYED**. **Within 30-days** after a final decision by the Yakama Tribal Court system, Plaintiff must inform this Court whether further review or dismissal of this case is sought. While the **STAY** is in effect, Plaintiff must provide a status report to the Court **every 3-months, beginning October 18, 2019**.[2]

The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

DATED July 19, 2019.



THOMAS O. RICE
Chief United States District Judge

---

[2] Plaintiff was ordered to provide a status report by June 10, 2019, but he failed to do so.